[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3698
The plaintiff wife was married to the defendant husband on August 28, 1957 in Milwaukee, Wisconsin. She has resided continuously in the State of Connecticut for at least one year prior to the commencement of these dissolution proceedings. Her birth name was Fritsch.
Two children were born to the wife, both issue. They have both reached their majority.
From the evidence presented, the court finds that the marriage has broken down irretrievably, there is no prospect of any reconciliation, and a decree of dissolution is entered.
The husband is sixty-one (61) years old and the wife is fifty-nine (59) years old. In addition to the children, issue of the marriage, the husband has sired two other children, the first born in 1990.
The court cannot emphasize sufficiently the financial devastation this defendant has wreaked upon his wife. It has been devastating.
During the last twelve years, the plaintiff wife inherited about $700,000, approximately $250,000 of which was advanced to his companies. She received three notes, all of which are worthless. He forged a mortgage deed and obtained another $82,000. This in turn led to the foreclosure on their home in September, 1991. In May, 1992, he pawned some of the wife's jewelry in order to pay the rent, albeit with her permission. On June, 1992, one month later, he left the house. He has not supported her at all since the separation. There are many more instances of his wasting of the family assets which the court need not recite. Suffice it to say that the court finds him responsible for the breakdown of the marriage and the financial circumstances in which the wife now finds herself.
The plaintiff's financial affidavit shows unemployment compensation of $167 per week. She lives from hand to mouth out of the goodness and charity of many friends who allow her to live at their homes without recompense. She is, however, an intelligent woman who, although possesses no special skills, should still be able to earn $12,000 to $15,000 in today's marketplace.
The husband has great potential to earn. However, at this time he reports only $365 per week as his earning.
He has a life insurance policy wherein he has named his girl friend as the beneficiary! CT Page 3699
There is extremely little latitude afforded the court given the present financial situation.
Having considered all of the evidence, the court further finds and orders as follows:
1. The wife's birth name of Fritsch is restored to her.
2. The husband shall, forthwith, assign all of his right, title and interest in a security deposit on property located at 89 Florida Hill Road, together with an assignment of any claims arising out of their lease and occupancy of the premises.
3. As support for the wife, the husband shall be responsible for the payment of the wife's American Express and Visa allegations as reported on her financial affidavit.
4. All of the personal possessions now in the possession of the wife shall be her sole and exclusive property.
5. As periodic alimony, the husband shall pay to the wife the sum of $25 per week until his death or remarriage by the wife.
6. The husband shall provide the wife with a copy of every individual income tax return and/or business or corporate tax return for any business in which he owns any interest. These shall be provided within fifteen (15) days of the date upon which they must be filed. This order will continue for so long as he is obligated to pay alimony.
7. The husband shall name the wife as irrevocable beneficiary on all policies of life insurance existing as of the date of this decree.
8. The husband shall cooperate fully in any redemption proceedings to have the wife's pawned jewelry returned to her.
9. The husband shall pay all the sums of money due the Town of Wilton or any of its agencies and departments by reason of the fines levied on wife's automobile while it was in the possession of the husband. This order is by way of additional support for the wife.
10. As further support for the wife, the husband shall pay to the wife the sum of $1,000 within sixty (60) days for her attorney's fees.
Mihalakos, J. CT Page 3700